**Exhibit A**

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 15-L-321

Amount Claimed In excess of $50,000.00

| RICHARD HOPKINS, | CARGILL AGHORIZONS, U.S.A. |
|---|---|
| | VS |
| Plaintiff(s) | Defendant(s) |

Classification Prefix __L__ Code __01__  Nature of Action __LAW__ Code __2__

Pltf. Atty. William P. Gavin         Code _____
Address 17 Park Place
City Belleville, IL 62226             Phone 618-236-0100
Add. Pltf. Atty. _____               Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME CARGILL AGHORIZONS, U.S.A.
ADDRESS 430 South Front Street
CITY & STATE East St. Louis, IL 62201

### SUMMONS COPY

To the above named defendant(s)......:

[ ] A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[X] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, __Kahaluih Clay__ 5-29-20 15
        Clerk of Court  J Libble
**SEAL**  BY DEPUTY: _____

DATE OF SERVICE: __06/08__ 20 __15__
(To be inserted by officer on copy left with defendant or other person)



## NOTICE TO DEFENDANTS (Pursuant to Supreme Court Rule)

In a civil action for money (under $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney at the office of the Circuit Clerk, #10 Public Square, P.O. Box 8115, Belleville, Illinois 62222-8115.

2. You may enter your appearance at the time and place described in the summons by making yourself known to the Judge when your case is called.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or the attorney representing you.

Your case will be heard at the time set forth in the summons regardless of whether or not the Court or the Court can make this determination. Do not call upon the Court Clerk or the Sheriff's office. If you fail, you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons and then only for good cause shown. You or someone representing you MUST APPEAR IN PERSON at the specified time and place and at each subsequent court date.

If you wish to answer or pay the claim or any portion thereof, payment can be made to the plaintiff or his attorney. If payment is made in full or in part the appearance fee is also required to be paid. Partial payment must be presented at the Court Clerk's office at the time of payment. If you appear in Court without an appearance on file, you will be required to file and pay an appearance fee in Circuit Court.

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS
## TWENTIETH JUDICIAL CIRCUIT

| | |
|---|---|
| RICHARD HOPKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15L321 |
| CARGILL, INC. and<br>CARGILL AGHORIZONS, U.S.A., | ) ) ) ) |
| Defendants. | ) ) ) |

FILED
ST. CLAIR COUNTY
MAY 29 2015
CIRCUIT CLERK

### COMPLAINT

Now comes Plaintiff, Richard Hopkins, by his attorney, William P. Gavin, and for his Complaint against Defendants, Cargill, Inc. and Cargill AgHorizons, U.S.A., states:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Defendant, Cargill, Inc., currently owns and/or operates a grain elevator in East St. Louis, Illinois and on or about June 4, 2014, owned and/or operated the grain elevator.

2. Defendant, Cargill AgHorizons U.S.A., currently owns and/or operates a grain elevator in East St. Louis, Illinois and on or about June 4, 2014, owned and/or operated the grain elevator.

3. On June 4, 2014, Plaintiff was employed by Brink Bros. Grain and Trucking, Inc. as a truck driver.

4. On June 4, 2014, Plaintiff, in the course of his employment, drove a truck onto the premises of the grain elevator with Defendant's permission, for the purpose of unloading grain at the elevator.

5. In order to unload the grain at the elevator, Plaintiff was required to exit at his truck at Pit 2 to operate the tailgate on the truck trailer.

6. Prior to Plaintiff's arrival, oil was spilled on the walking surfaces in and around Pit 2 where Plaintiff and other truck drivers were required to walk when they exited their trucks to unload grain.

7. Defendants knew or should have known of the presence of the oil before Plaintiff arrived in Pit 2 with his truck.

8. Defendants knew or should have known that Plaintiff and others would encounter the spilled oil when they exited their trucks to unload grain at Pit 2.

9. Defendants knew or should have known that the presence of the oil on the walking surfaces in Pit 2 created a slipping hazard for Plaintiff and others working in Pit 2.

## COUNT I-CARGILL, INC.

1-9. Plaintiff adopts and re-states paragraphs 1-9 from the General Allegations above as paragraphs 1-9 of Count I.

10. Prior to and at the time of the incident alleged herein, Defendant, Cargill, Inc., by and through its employees and/or other agents committed one more of the following negligent acts or omissions:

A. Negligently caused oil to be spilled on the walking surfaces of Pit 2 of its grain elevator;

B. Negligently permitted oil to be spilled on the walking surfaces of Pit 2 of its grain elevator;

  C. Negligently failed to properly clean the spilled oil from the walking surfaces in Pit 2 of its grain elevator;

  D. Negligently continued to operate Pit 2 while the oil was present on the walking surfaces of Pit 2 of its grain elevator;

  E. Negligently failed to isolate the walking surface in Pit 2 contaminated with oil from the remainder of the walking surfaces in Pit 2;

  F. Negligently failed to modify the procedures for the unloading of grain at Pit 2 so that Plaintiff and workers did not have to encounter the spilled oil; and/or

  G. Negligently failed to warn Plaintiff of the hazardous condition created by the presence of the oil on the walking surfaces of Pit 2.

  11. One or more of the foregoing negligent acts or omissions proximately caused Plaintiff to slip while re-entering his truck proximately resulting in Plaintiff sustaining an injury to the muscles, tendons, ligaments, nerves, and intervertebral discs in his cervical spine and right shoulder.

  12. As a proximate result of the injuries alleged in the preceding paragraph Plaintiff has suffered and will continue to suffer pain, suffering, disability, loss of enjoyment of life, disfigurement, and anxiety and has lost and will continue to lose income because of his inability to work because of his injuries and has incurred and will continue to incur medical bills as a result of treatment given for his injuries.

  Wherefore, Plaintiff, Richard Hopkins, prays that a judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus court costs, be entered in his favor and against Defendant, Cargill, Inc.

**PLAINTIFF REQUESTS TRIAL BY JURY ON COUNT I**

## COUNT II-CARGILL AGHORIZONS USA

1-9. Plaintiff adopts and re-states paragraphs 1-9 from the General Allegations above as paragraphs 1-9 of Count I.

10. Prior to and at the time of the incident alleged herein, Defendant, Cargill AgHorizons, U.S.A., by and through its employees and/or other agents committed one more of the following negligent acts or omissions:

A. Negligently caused oil to be spilled on the walking surfaces of Pit 2 of its grain elevator;

B. Negligently permitted oil to be spilled on the walking surfaces of Pit 2 of its grain elevator;

C. Negligently failed to properly clean the spilled oil from the walking surfaces in Pit 2 of its grain elevator;

D. Negligently continued to operate Pit 2 while the oil was present on the walking surfaces of Pit 2 of its grain elevator;

E. Negligently failed to isolate the walking surface in Pit 2 contaminated with oil from the remainder of the walking surfaces in Pit 2;

F. Negligently failed to modify the procedures for the unloading of grain at Pit 2 so that Plaintiff and workers did not have to encounter the spilled oil; and/or

G. Negligently failed to warn Plaintiff of the hazardous condition created by the presence of the oil on the walking surfaces of Pit 2.

11. One or more of the foregoing negligent acts or omissions proximately caused Plaintiff to slip while re-entering his truck proximately resulting in Plaintiff

sustaining an injury to the muscles, tendons, ligaments, nerves, and intervertebral discs in his cervical spine and right shoulder.

12. As a proximate result of the injuries alleged in the preceding paragraph Plaintiff has suffered and will continue to suffer pain, suffering, disability, loss of enjoyment of life, disfigurement, and anxiety and has lost and will continue to lose income because of his inability to work because of his injuries and has incurred and will continue to incur medical bills as a result of treatment given for his injuries.

Wherefore, Plaintiff, Richard Hopkins, prays that a judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus court costs, be entered in his favor and against Defendant, Cargill AgHorizons, U.S.A.

**PLAINTIFF REQUESTS TRIAL BY JURY ON COUNT II**

WILLIAM P. GAVIN IL#03127132
Attorney for Plaintiff
GAVIN LAW FIRM
#17 Park Place Professional Centre
Belleville, Illinois 62226
(618) 236-0100
FAX: (618) 236-2684
billg@gavinlaw.com

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| RICHARD HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 15L321 |
| ) | |
| CARGILL, INC., and ) | |
| CARGILL AGHORIZONS, U.S.A. ) | |
| ) | |
| Defendants. ) | |

FILED
ST. CLAIR COUNTY
MAY 29 2015
32
CIRCUIT CLERK

## AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). The undersigned certifies that the money damages sought by the plaintiff herein do exceed $50,000.

_____
WILLIAM P. GAVIN

Subscribed and sworn to before me this 21st day of May, 2015.

DEIDREE M NOWAK
MY COMMISSION EXPIRES
DECEMBER 7, 2015

_____
Notary Public

[SEAL]

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| HOPKINS VS CARGILL INC | 15-L-0321 |
|---|---|

TO: CARGILL AGHORIZONS USA
430 SOUTH FRONT STREET
EAST ST LOUIS, IL 62201

FILED
ST. CLAIR COUNTY

JUL - 2 2015

68  CIRCUIT CLERK

Date : 9/21/2015      Time : 9:00 AM      Room : 404

The above-styled case is assigned to: HON. ANDREW GLEESON.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63